UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAURICE GOREE, | ) |
| | ) |
|        Movant, | ) |
| | ) |
|    v. | ) No. 4:11-CV-178 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|        Respondent. | ) |

## MEMORANDUM

Before the Court are the motions of Maurice Goree to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and for leave to amend the motion to vacate. The United States opposes both motions.

### Background

On January 5, 2010, Goree waived his right to prosecution by indictment and pled guilty to two counts of armed robbery of a financial institution (Counts One and Three), in violation of 18 U.S.C. § 2113(a) and (d) and § 2, and one count of using a firearm in furtherance of a crime of violence (Count Two), in violation of 18 U.S.C. § 924(c)(1). United States v. Maurice Goree, Case No. 4:09-CR-554 (ECF # 37 and # 39]. The "crime of violence" referred to in Count Two is the robbery that is the subject of Count One. In the plea agreement, Goree admitted the following facts:

> On 06/11/2009, the Bank of America in St. Peters, Missouri, whose deposits were insured by the FDIC, was robbed by two black males who entered the bank, each armed with handguns. These two individuals had face coverings on. One suspect leaped over the counter and began to empty teller drawers of US currency. The other suspect, using a firearm stood guard in the lobby. The robber who took the cash then leaped back

over the counter and both robbers fled the bank again in a get-away car driven by another.

Id. ECF # 39, p. 7. Goree also admitted to "casing" the banks in advance of the robberies, serving as a look-out during the robberies, and later driving the get-away car.[1] Id.

On April 6, 2010, Goree was sentenced to concurrent terms of 63 months' imprisonment on Counts One and Three and a consecutive 84-month term of imprisonment on Count Two. His appeal of the judgment was dismissed. Id. at ECF # 54.

**Motion to Vacate**

In the motion to vacate, Goree asserts that his § 924(c) conviction should be vacated because he was denied effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice in the context of a guilty plea, the movant must demonstrate that if it were not for counsel's errors, he would have not pled guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The failure to show prejudice is dispositive, A court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

---

[1]The offense description in the presentence report states that Goree's accomplices entered the bank "armed with handguns . . . and ordered the employees and customers to lay on the ground." Goree did not object to this at sentencing.

Goree argues that his attorney failed to conduct an adequate investigation which would have revealed that he did not commit the § 924(c) violation and that the government lacked sufficient evidence to prove that he did. Goree refers to the investigative reports prepared by the St. Peters police which show that he aided and abetted the robberies, not that he aided and abetted his accomplices' use of firearms. It appears that these reports and other discovery were obtained by defense counsel prior to the change of plea. Goree has not pointed to any other information that his attorney should have uncovered, and because there was never any dispute as to Goree's actions with respect to the crimes, further investigation of the facts was unnecessary.

Goree has not established that his attorney's performance fell below an objective standard of reasonableness, nor has he demonstrated prejudice. He is not entitled to relief on this claim.

**<u>Motions to Amend</u>**

Goree has filed two motions to amend. In the first motion, filed on March 21, 2013, Goree seeks to assert the following new claims:

> (1) denial of effective assistance of counsel based on defense counsel's failure to object to the presentence report and failure to file a notice of appeal;
>
> (2) that his guilty plea was involuntary and unknowing; and
>
> (3) 18 U.S.C. § 924(c) is unconstitutional.

A one-year period of limitation applies to motions for relief under § 2255. 28 U.S.C. § 2255(f). The one-year period begins to run---as relevant here---from the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). In the instant case, Goree appealed the judgment, but his appeal was voluntarily dismissed

on May 7, 2010. The claims Goree asserts in his motion to amend---filed almost three years after dismissal of the appeal---are untimely.

Relation back is permitted if the amended claim only serves to add additional facts and specificity to the original claim. See, e.g., Mandacina v. U.S., 328 F.3d 995, 1000-01 (8th Cir. 2003) (discovery violation in amended petition relates back to Brady claim in original petition). Thus, for example, a new claim of ineffective assistance of counsel will not be deemed to relate back to an earlier ineffective assistance claim of a different type. See U.S. v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006).

In Hernandez, the prisoner filed a timely § 2255 motion alleging that counsel was ineffective for failing to object to the admission of evidence that lacked a proper foundation. Later, after the limitations period had expired, the prisoner sought to amend his motion to present an second allegation of ineffective assistance, this time based on counsel's failure to effectively cross-examine two witnesses. The district court dismissed the newly asserted ineffective assistance claim as untimely, and the dismissal was affirmed on appeal. The Court of Appeals found that the facts alleged in the original claim (which referred to admission of evidence) "were not such that would put the opposition on notice that cross-examination of witnesses [alleged in the newly asserted claim] was at issue." Id. at 858. (*citing* Mandacina, 328 F.3d at 1000) motionheld that the two claims of ineffective assistance were "not similar enough to satisfy the 'time and type' test" and did not "arise out of the same set of operative facts." Id.

Here, Goree's new claims of ineffective assistance of counsel (failure to object to the presentence report and failure to file a notice of appeal) are neither an

expansion of nor in any way similar to his original ineffective assistance claim (failure to investigate). Further there can be no contention that the claims challenging the voluntariness of his guilty plea and the constitutionality of § 924(c) relate back to the original motion to vacate, as these claims are being presented to the Court for the first time. Goree alleges no "extraordinary circumstances" beyond his control that prevented him from asserting these claims earlier. Murray v. United States, 313 Fed. Appx. 924, 925 (8th Cir. 2009), *citing* Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) and United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). Thus there is no basis for equitable tolling. Because the claims are time-barred, the Court will not consider them.

In the second motion to amend Goree seeks to assert a new claim based on the recent decision of the Supreme Court in Alleyne v. United States, 133 S.Ct. 2151 (2013). His claim is that his sentence was unlawfully enhanced based on facts that should have been, but were not, found by a jury. Goree states that this claim was not available to him prior to the Alleyne decision. Without addressing the timeliness issue, the Court will deny the motion because Alleyne has no bearing on this case and the proposed amendment is futile.

After a jury found the petitioner in Alleyne guilty of "using" or "carrying" a firearm during and in relation to a crime of violence, the trial court imposed a mandatory minimum sentence of seven years based on its finding that the petitioner had "brandished" a firearm. See 18 U.S.C. § 924(c)(1)(A)(ii). Without that finding, petitioner would have faced a mandatory minimum 5-year sentence of imprisonment. The Supreme Court held that "brandishing" was not a sentencing factor, but was a fact

that increased the mandatory minimum penalty and, as such, was an element of the offense that had to be submitted to the jury. Alleyne, 133 S. Ct. at 2163.

In this case, Goree entered a voluntary and intelligent guilty plea to the § 924(c) charge in Count Two. He waived his right to a jury trial and, therefore, there was no opportunity for a jury to decide any factual issues in the case. Additionally, in the plea agreement and during the change of plea hearing Goree acknowledged that the penalty for the § 924(c) violation included a mandatory consecutive sentence of not less than seven years. Goree's conviction on Count Two was based on facts that he admitted to, not based on factual findings made by the Court.

### Conclusion

For the foregoing reasons, the Court concludes that motion and the files and records of this case show that Goree is not entitled to relief under 28 U.S.C. § 2255. Therefore, the motion to vacate will be denied without a hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the Court finds that Goree has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

A separate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2013.